IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Bankruptcy No. 21-51523-MMP |
| DEEPROOT CAPITAL MANAGEMENT, LLC, ET AL., | § § § | |
| | § | Jointly Administered |
| DEBTORS. | § | |
| | § | |
| | § | |
| JOHN PATRICK LOWE, | § | |
| CHAPTER 7 TRUSTEE | § | Adversary No. 22-05097-MMP |
| FOR THE BANKRUPTCY ESTATE | § | |
| OF DEEPROOT CAPITAL | § | |
| MANAGEMENT, LLC, ET AL., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| ROBERT J. MUELLER, | § | |
| | § | |
| DEFENDANT | § | |

**DEFENDANT ROBERT J. MUELLER'S ANSWER TO
PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

Defendant Robert J. Mueller ("**Defendant**") files this Answer to Plaintiff's Original Complaint (the "**Complaint**") filed by Plaintiff, John Patrick Lowe, Chapter 7 Trustee for the Bankruptcy Estate of deeproot Capital Management, LLC, et al. ("**Plaintiff**" or the "**Trustee**"). Defendant denies all allegations not specifically admitted herein, including any allegations included in footnotes and/or exhibits, and further alleges and states as follows:

As to the unnumbered paragraph that begins on page 1 of the Complaint, Defendant admits that the Trustee has filed the Complaint. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in the unnumbered paragraph.

As to footnote 1 on page 1 of the Complaint, Defendant is without sufficient knowledge to admit or deny the allegations in footnote 1.

## I. Preliminary Statement[1]

1. Defendant admits that he is a trained lawyer licensed by the State of Texas. Defendant further admits that he was the sole owner of Policy Services, Inc. ("**Policy Services**") and that Wizard Mode Media, LLC, deeproot Pinball, LLC, deeproot Growth Runs Deep Fund, LLC (the "**dGRD Fund**"), deeproot 575 Fund, LLC (the "**575 Fund**"), deeproot 3 Year Bonus Income Debenture Fund, LLC, deeproot BonusGrowth 5 Year Debentrue Fund, LLC, deeproot Tech, LLC, deeproot Funds, LLC, deeproot Studios, LLC, and deeproot Capital Management, LLC (collectively, the "**deeproot Entities**" or "**Debtors**") were either wholly owned by Defendant or other deeproot Entities. Defendant otherwise denies the remaining allegations in Paragraph 1.

2. Defendant admits that the deeproot Entities received funds from investors and that a portion of those funds were used to purchase life insurance policies. Defendant further admits that the contracts identified in Paragraph 2 were not registered as securities with the Texas State Securities Board or the United States Securities and Exchange Commission (the "**SEC**"). As to footnote 2 and allegations regarding the "*Life Partners*" decision, such allegations contain statements of law to which no response is required. To the extent that a response is required, Defendant is without sufficient knowledge to admit or deny such allegations. As to footnote 3,

---

[1] Headnotes are included herein for organization purposes only. Defendant denies any allegations contained in such headings.

Defendant admits that the SEC initiated a civil action that named Defendant and other parties as defendants or relief defendants. Defendant otherwise denies the remaining allegations in Paragraph 2, including footnotes 2 and 3.

3. Defendant admits that the deeproot Entities received funds from investors and that a portion of those funds were used to purchase life insurance policies. Defendant otherwise denies the remaining allegations in Paragraph 3.

4. Defendant admits that he received a salary from Policy Services, Inc. Defendant otherwise denies the remaining allegations in Paragraph 4, including the allegations in footnote 4.

5. Defendant denies the allegations in Paragraph 5.

6. Defendant admits that he filed three proofs of claim in the administratively consolidated cases. Defendant otherwise denies the remaining allegations in Paragraph 6.

## II. Parties

7. Defendant does not have sufficient knowledge to admit or deny the allegations in Paragraph 7.

8. Defendant admits the allegations in Paragraph 8.

## III. Jurisdiction

9. Defendant responds that Paragraph 9 of the Complaint contains legal conclusions and arguments for which no response is required. To the extent that a response is required, Defendant denies such allegations. Defendant further responds that this proceeding is, at least in part, a non-core proceeding. Pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, Defendant hereby states that he does not consent to this Court's entry of final orders and judgments.

10. Paragraph 10 does not include allegations against Defendant and thus no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 10. Defendant further states that he does not consent to this Court's entry of final orders and judgments.

## IV. VENUE

11. Defendant does not dispute that venue is appropriate in the Western District of Texas. Defendant otherwise denies the remaining allegations in Paragraph 11.

## V. FACTS

12. Defendant admits that he was the principal of the deeproot Entities. Defendant otherwise denies the remaining allegations in Paragraph 12.

### A. The Deeproot Entities and the Ponzi Scheme

13. Paragraph 13 contains statements of law for which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 13.

14. Defendant admits that some of the deeproot Entities were formed in approximately 2012. Defendant otherwise denies the remaining allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16 and Exhibit A.

17. Defendant admits that the terms of investments in the 575 Fund and the dGRD Fund were described in Private Placement Memoranda ("**PPMs**") for each fund, which PPMs speak for themselves. Defendant otherwise denies the remaining allegations in Paragraph 17.

18. Defendant admits Policy Services Inc. was the record owner of the life insurance policies purchased by the deeproot Entities. Defendant further responds that the PPMs speak for themselves. Defendant otherwise denies the remaining allegations in Paragraph 18.

19. Defendant admits that he participated in the drafting of PPMs and other marketing materials. Defendant further responds that the PPMs speak for themselves. Defendant otherwise denies the allegations in Paragraph 19.

20. Defendant responds that the PPMs speak for themselves. Defendant otherwise denies the remaining allegations in Paragraph 20.

21. Defendant responds that the accounting records for the deeproot Entities speak for themselves. Defendant otherwise denies the remaining allegations in Paragraph 21 and Exhibit E-1.

22. Defendant responds that the accounting records for the deeproot Entities speak for themselves. Defendant otherwise denies the remaining allegations in Paragraph 22.

23. Defendant responds that the accounting records for the deeproot Entities speak for themselves. Defendant otherwise denies the remaining allegations in Paragraph 23.

24. Defendant responds that the accounting records for the deeproot Entities speak for themselves. Defendant otherwise denies the remaining allegations in Paragraph 24.

25. Defendant responds that the accounting records for the deeproot Entities speak for themselves. Defendant otherwise denies the remaining allegations in Paragraph 25.

**B. The Finders Were Paid Extraordinary Commissions to Raise Money.**

26. Defendant admits that he was the principal of the deeproot Entities. Defendant further responds that the accounting records for the deeproot Entities speak for themselves. Defendant otherwise denies the remaining allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27. As to footnote 5, Defendant admits that the deeproot Entities obtained certain exemptions from the SEC. Defendant otherwise denies the remaining allegations in footnote 5. Footnote six includes statements of law for which

no response is required. To the extent that a response is required, Defendant denies the allegations in footnote 6.

### C. The Life Insurance Policies Were Oversold.

28. Defendant admits that Policy Services, Inc. purchased certain life insurance policies. Defendant further responds that he does not have sufficient information to admit or deny allegations regarding the number of polices and the face value of the policies. Defendant otherwise denies the remaining allegations in Paragraph 28.

29. Defendant admits that certain life insurance policies matured and paid a benefit between April 2017 and August 2019. Defendant further responds that he does not have sufficient information to admit or deny allegations regarding the number of policies, the face value of such policies, the purchase price of such policies, or any death benefits paid upon maturity. Defendant otherwise denies the remaining allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant does not have sufficient information to admit or deny the allegations in the first two sentences of Paragraph 31. Defendant admits that Policy Services, Inc. acquired a life insurance policy related to a certain Mr. Basha in approximately 2017 through an agreement with Cycladic, which terms speak for themselves. Defendant otherwise denies the remaining allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant admits that Policy Services, Inc. executed a promissory note that was payable to Cycladic, the terms of which speak for themselves. Defendant otherwise denies the remaining allegations in Paragraph 33.

34. Defendant responds that the email identified in Paragraph 34 speaks for itself. Defendant otherwise denies the remaining allegations in Paragraph 34 and Exhibit B.

35. Defendant admits that Policy Services, Inc. entered into a Policy Relinquishment and Loan Satisfaction Agreement, the terms of which speak for themselves. Defendant otherwise does not have sufficient information to admit or deny the remaining allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

### D. The Mueller Transfers

38. Defendant denies the allegations in Paragraph 38.

#### a. Commissions

39. Defendant responds that the bank records of the deeproot Entities speak for themselves. Defendant otherwise denies the remaining allegations in Paragraph 39.

#### b. Personal Credit Card Charges

40. Defendant responds that the bank records of the deeproot Entities speak for themselves. Defendant otherwise denies the remaining allegations in in Paragraph 40.

#### c. Family Trust Payments

41. Defendant responds that the bank records of the deeproot Entities speak for themselves. Defendant otherwise denies the remaining allegations in Paragraph 41.

42. Defendant admits that he executed a letter to Jeffrey L. Mueller and Belinda B. Breen on approximately May 7, 2019, the terms of which speak for themselves. Defendant further responds that the bank records of the deeproot Entities speak for themselves. Defendant otherwise denies the remaining allegations in Paragraph 42.

43. Defendant admits that the Ohana Trust sold a condominium in approximately 2019. Defendant further responds that the Final Seller's Statement associated with that sale speaks for itself. Defendant further responds that the briefs filed in the SEC action speak for themselves. Defendant otherwise denies the remaining allegations in Paragraph 43 and footnote 7.

44. Defendant admits that Jeffrey L. Mueller and Belinda B. Breen sold a condominium in approximately November 2021. Defendant further responds that the Seller's Statement associated with that sale speaks for itself. Defendant further responds that the filings identified in Paragraph 44 and footnote 8 speak for themselves. Defendant otherwise denies the remaining allegations in Paragraph 44 and footnote 8.

## VI. CAUSES OF ACTION

45. Paragraph 45 incorporates by reference all of the allegations contained in the preceding paragraphs. Defendant incorporates his responses to those paragraphs, stated above, as though set forth in full.

**COUNT 1 – Avoidance of Fraudulent Transfer under 11 U.S.C. §§ 548(a)(1)(A) (Mueller) (Actual Fraud)**

46. Defendant admits that the Trustee has filed the Complaint and seeks certain relief. Defendant otherwise denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47 and Exhibit D.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

**Count 2 – Avoidance of Fraudulent Transfer under 11 U.S.C. §§ 548(a)(1)(B) (Mueller) (Constructive Fraud)**

52. Defendant admits that the Trustee has filed the Complaint and seeks certain relief.

Defendant otherwise denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53 and Exhibit D.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

**Count 3 – Avoidance of Fraudulent Transfer under 11 U.S.C. § 544 and the Texas Uniform Fraudulent Transfer Act (Tex. Bus. & Com. Code § 24.005(a)(1)) (Mueller) (TUFTA Actual Fraud)**

57. Defendant admits that the Trustee has filed the Complaint and seeks certain relief.

Defendant otherwise denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58 and Exhibit E.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

**Count 4 – Avoidance of Fraudulent Transfer under 11 U.S.C. § 544 and the Texas Uniform Fraudulent Transfer Act (Tex. Bus. & Com. Code § 24.005(a)(2)) (Mueller) (TUFTA Constructive Fraud)**

62. Defendant admits that the Trustee has filed the Complaint and seeks certain relief.

Defendant otherwise denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63 and Exhibit F.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

**Count 5 – Avoidance of Fraudulent Transfer under 11 U.S.C. § 544 and the Texas Uniform Fraudulent Transfer Act (Tex. Bus. & Com. Code § 24.006(a)) (Mueller)**

68. Defendant admits that the Trustee has filed the Complaint and seeks certain relief. Defendant otherwise denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69 and Exhibit F.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

**Count 6 – Avoidance of Preferential Transfers under 11 U.S.C. § 547(b) (Mueller)**

74. Defendant admits that the Trustee has filed the Complaint and seeks certain relief. Defendant otherwise denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75 and Exhibit G.

76. Defendant denies the allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

**Count 7 – Recover of Avoided Transfers Pursuant to 11 U.S.C. § 550 and the Texas Uniform Fraudulent Transfer Act (Tex. Bus. & Com. Code § 24.005(a)(1))**

81. Defendant denies the allegations in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82.

### Count 8 – Breach of Fiduciary Duty (Mueller)

83. Defendant admits that he was the sole director, principal, and manager of the deeproot Entities. Defendant otherwise denies the remaining allegations in Paragraph 83.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

87. Defendant denies the allegations in Paragraph 87.

88. Defendant denies the allegations in Paragraph 88.

89. Defendant denies the allegations in Paragraph 89.

90. Defendant denies the allegations in Paragraph 90.

91. Defendant denies the allegations in Paragraph 91.

### Count 9 – Objection to and Equitable Subordination of Mueller's Proofs of Claims under 11 U.S.C. § 502 (Mueller)

92. Defendant admits that the Trustee has filed the Complaint and seeks certain relief. Defendant otherwise denies the allegations in Paragraph 92.

93. Defendant denies the allegations in Paragraph 93.

94. Defendant denies the allegations in Paragraph 94.

95. Defendant denies the allegations in Paragraph 95.

96. Defendant denies the allegations in Paragraph 96.

### PRAYER

The allegations contained in the prayer for relief section, for which there is no paragraph number, contain legal conclusions to which no response is required. To the extent that this section contains factual allegations, the same are denied. To the extent that the section requires a responsive prayer, Defendant requests that the Trustee take nothing, that judgment be entered in

favor of Defendant on each and every cause of action alleged against Defendant, that Defendant be awarded his fees, costs, and expenses (to the extent permitted by law), and for such other relief as the Court deems just and equitable.

## JURY DEMAND

Defendant demands a jury trial on all issues so triable.

## DEFENSES, AFFIRMATIVE DEFENSES, AND OTHER RESPONSES

Without assuming the burden of proof as to the following (other than any burden imposed by law), Defendant asserts the following defenses and affirmative defenses to the Complaint, while reserving the right to raise additional defenses and affirmative defenses that become apparent through discovery:

1. This action is barred, in whole or in part, because the Trustee fails to state a claim for which relief can be granted.

2. The Trustee's claims are barred, in whole or in part, because Defendant relied on advice of counsel in taking the actions that the Trustee alleges are the basis of its claims. Reliance on advice of counsel negates a willful violation of the law. *See United States v. Ragsdale*, 426 F.3d 765, 778 (5th Cir. 2005).

3. The Trustee's claims are barred, in whole or in part, because Defendant did not knowingly make false or materially false statements or engage in fraudulent conduct.

4. The Trustee's claims are barred, in whole or in part, because Defendant acted at all times in good faith.

5. The Trustee's claims are barred, in whole or in part, because reasonably equivalent value was provided in exchange for any transfers.

6. The Trustee's claims are barred, in whole or in part, because any transfers were intended to be, and in fact were, part of a contemporaneous exchange for new value given.

7. The Trustee's claims are barred, in whole or in part, because Defendant provided new value to, or for the benefit of, the deeproot Entities.

8. The Trustee's claims are barred, in whole or in part, to the extent that any subsequent transfers were bona fide payments of a debt for a domestic support obligation.

9. The Trustee's claims are barred, in whole or in part, because any transfers were made in the ordinary course of business and according to ordinary business terms.

10. The Trustee's claims are barred, in whole or in part, because Defendant at all times acted with reasonable business judgment, within his authority, and with due care.

11. The Trustee's claims are barred, in whole or in part, because Defendant did not act with the requisite state of mind.

12. The Trustee's claims are barred, in whole or in part, because the acts or omissions of others over whom Defendant had no control, whose acts or omissions Defendant had no reason to anticipate, and for whom Defendant is not liable, proximately caused or contributed to the damages, injuries, or loss alleged by the Trustee, if any. These acts or omissions of others constituted intervening cause(s) and superseded any alleged wrongful act or omission on the part of Defendant.

13. Defendant is entitled to credit and offset of his liability, if any, for the alleged damages by any and all amount Trustee records from any other person and/or entity.

14. The Trustee's claims are barred, in whole or in part, by the statute of limitations.

15. The Trustee's claims are barred, in whole or in part, by the doctrine of laches.

16. The Trustee's claims are barred, in whole or in part, by the doctrines of waiver and/or release.

17. The Trustee's claims are barred, in whole or in part, by the doctrine of ratification.

18. The Trustee's claims are barred, in whole or in part, by the doctrine of unclean hands.

19. The Trustee's claims are barred, in whole or in part, by the absence of jurisdiction in this Court.

Dated: January 23, 2023.

Respectfully submitted,

**DAVIS & SANTOS, PLLC**

By: */s/ Jay Hulings*
Jason M. Davis
State Bar No. 00793592
Email: jdavis@dslawpc.com
H. Jay Hulings
State Bar No. 24104573
Email: jhulings@dslawpc.com
719 S. Flores Street
San Antonio, Texas 78204
Tel: (210) 853-5882
Fax: (210) 200-8395

***Counsel for Defendant Robert J. Mueller***

## CERTIFICATE OF SERVICE

      I hereby certify that on January 23, 2023, the forgoing document was served on counsel of record via the Court's ECF system on all parties as follows:

**PULMAN, CAPPUCCIO & PULLEN, LLP**
Randall A. Pulman
rpulman@pulmanlaw.com
W. Drew Mallender
dmallender@pulmanlaw.com
Anna K. MacFarlane
amacfarlane@pulmanlaw.com
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

*Counsel for John Patrick Lowe,*
*Chapter 7 Trustee for Deeproot*
*Capital Management, LLC et al.*

                                                            */s/ Jay Hulings*
                                                            H. Jay Hulings